United States District Court
Southern District of Texas
**ENTERED**
May 26, 2023
Nathan Ochsner, Clerk

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| ROBERT W. LANGFORD, | § | |
| | § | |
| Plaintiff. | § | |
| | § | |
| V. | § | CIVIL ACTION NO. 4:22-cv-00631 |
| | § | |
| KILOLO KIJAKAZI, *et al.*, | § | |
| | § | |
| Defendants. | § | |

## ORDER

Plaintiff Robert W. Langford ("Langford") filed a notice of appeal of this Court's judgment on May 22, 2023. *See* Dkt. 36. That same day, Langford submitted a letter asking me to appoint counsel "to assist in filing the brief on Appeal." Dkt. 35 at 1 ("Motion for Appointment of Counsel"). Three days later, Langford filed a Motion to Appeal In Forma Pauperis. *See* Dkt. 38.

"Generally, when an appeal is taken, the district court is divested of jurisdiction except to take action in aid of the appeal until the case is remanded to it by the appellate court, or to correct clerical errors under Rule 60(a)." *Travelers Ins. Co. v. Liljeberg Enters., Inc.*, 38 F.3d 1404, 1407 n.3 (5th Cir. 1994). Because the issue of whether the court should appoint counsel to assist Langford in prosecuting his appeal and whether Langford may appeal *in forma pauperis* are "action[s] in aid of the appeal," I retain jurisdiction to consider Langford's requests. *Id.*

### Langford's Motion for Appointment of Counsel

"[T]he appointment of counsel in a civil case is a privilege and not a constitutional right." *Lopez v. Reyes*, 692 F.2d 15, 17 (5th Cir. 1982); *see also Veletta C. v. Saul*, No. 3:19-CV-02198, 2020 WL 10817490, at *1 (N.D. Tex. Mar. 5, 2020) ("[A] plaintiff in a civil action is not entitled to court-appointed counsel as a matter of right."). A "district court is not required to appoint counsel in the

absence of 'exceptional circumstances' which are dependent on the type and complexity of the case and the abilities of the individual pursuing that case." *Cupit v. Jones*, 835 F.2d 82, 86 (5th Cir. 1987) (quoting *Jackson v. Dall. Police Dep't*, 811 F.2d 260, 261 (5th Cir. 1986)). These "exceptional circumstances" are:

> the type and complexity of the case; whether the movant is capable of adequately investigating and presenting [his] case; whether the evidence will consist in large part of conflicting testimony so as to require skill in the presentation of evidence and in cross-examination; and the likelihood that appointment will benefit the movant, the court, and the defendants by shortening the trial and assisting in a just determination.

*Veletta C.*, 2020 WL 10817490, at *1 (quotation omitted). "In addition, the courts also consider the litigant's attempts to obtain counsel and the merits of the asserted claims." *Bennett v. Astrue*, No. 3:09-CV-890-D, 2009 WL 10704902, at *1 (N.D. Tex. May 13, 2009).

No exceptional circumstances are present here. "Due to the nature of social security cases, some of the above factors, *i.e.*, case investigation, skill in presentation of evidence and cross-examination, and shortening trial, have little or no relevance to the issue of appointment of counsel in this case." *Id.* As United States Magistrate Judge Irma Carrillo Ramirez has explained:

> Various mechanisms exist for fee payment for litigants who have no funds to pay an attorney upon retention. In the social security context, for instance, the Social Security Act provides for payment of attorneys' fees out of any award of retroactive benefits, thus creating an incentive for private counsel to take such cases. Attorneys who practice in the area of social security law understand the various fee arrangements available under the Social Security Act, and would thus be more inclined to accept a social security case than a legal practitioner who is unfamiliar with the workings of social security law. In addition, social security offices oftentimes keep a list of organizations that can help claimants find a representative. In the absence of any effort to obtain counsel, this factor also does not support appointing counsel in this case.

*Id.* (cleaned up). Finally, this case is neither complex nor meritorious. I ordered this case dismissed because I do not have jurisdiction to hear it. *See* Dkt. 33. The

Fifth Circuit, like all federal courts, has a continuing and ever-present obligation to "examine the basis of its jurisdiction." *Mosley v. Cozby*, 813 F.2d 659, 660 (5th Cir. 1987). I am confident that the Fifth Circuit is capable of ascertaining whether federal subject matter jurisdiction exists without the assistance of counsel. For these reasons, Langford's Motion for Appointment of Counsel (Dkt. 38) is denied.

### Langford's Motion to Appeal In Forma Pauperis

"A party who was permitted to proceed in forma pauperis in the district-court action . . . may proceed on appeal in forma pauperis without further authorization." FED. R. APP. P. 24(a)(3). United States District Judge Lynn Hughes approved Langford's application to proceed in forma pauperis. *See* Order to Proceed Without Prepaying Fees or Costs, *Longford v. Saul et al.*,[1] No. 4:22-mc-00285 (S.D. Tex. Feb. 18, 2022), ECF No. 2. Accordingly, Langford's Motion to Appeal In Forma Pauperis (Dkt. 38) was unnecessary but is nevertheless granted pursuant to Appellate Rule 24(a)(3).

### Conclusion

Langford's Motion for Appointment of Counsel (Dkt. 35) is **DENIED**. Langford's Motion to Appeal In Forma Pauperis (Dkt. 38) is **GRANTED**.

SIGNED this 26th day of May 2023.

ANDREW M. EDISON
UNITED STATES MAGISTRATE JUDGE

---

[1] The case is styled with an incorrect spelling of Langford's last name.